Next case is Westech Aerosol Corporation v. 3M Company, 2018-1699. Mr. Walters, I guess you're a second plane flu. That's correct, Your Honor. May it please the Court, Mark Walters for the Plaintiff Appellant, Westech Aerosol Corporation. The defendants raised a venue objection on the day the Supreme Court issued its decision in the T.C. Heartland case. At that time, in May of 2017, a lot of uncertainty existed among the bench and bar concerning the patent venue statute. There was uncertainty concerning what qualified as a regular and established place of business. There was uncertainty concerning whether the defense was waived if it wasn't preserved in the answer or in a response of pleading prior to the T.C. Heartland decision. There was uncertainty concerning whose burden of proof it was and whose law applied. In fact, this Court granted mandamus three separate times in the months following the T.C. Heartland decision to clarify some of these issues. In re Cray was decided in September of 2017 and that set forth the merits of the defense, what qualifies as a regular and established. Cray was decided before you followed your your brief and chief. Um, actually, Your Honor, I can't remember if it was filed. It certainly was not decided when we amended our complaint. I do not remember whether it was decided. Okay. When you followed your your your brief and chief on appeal. Was Cray decided at that point? It may have been decided at that point, Your Honor. How can you not know if this is a case that bears directly on your appeal? Well, well, Your Honor, I don't see that this bears directly on our appeal. The particular issue that said that is raised in our appeal is whether a patent infringement plaintiff. Their allegations of venue must be accepted as true and whether a related issue is whether or not a patent infringement plaintiff must plead venue facts according to the plausibility standards of Iqbal and Twombly. That's the issue that is raised in our appeal. That particular issue is not raised in in re Cray. Okay, so you you think in re Cray has no application to this appeal. I think in re Cray sets forth the merits of the defense. But in this particular case, the district court never got to the merits of three M's defense for improper venue. The district court did cite in re Cray in this decision. It did. Yes. But it didn't reach the merits of the defense because it decided the issue based on the sufficiency of the pleadings. And the question I have it if the court relied on in re Cray, just to take this as a singular example of problems in the case. If the district court sites in re Cray as authority, how is it that you don't cite or you don't reference in re Cray in your brief in chief? Maybe that was an oversight, your honor. I mean, I do not believe that in re Cray is applicable to our appeal. That's that's the main reason it wasn't cited in our brief. Are applicable to the issue of venue? Absolutely. To the merits stage. And we didn't get to the merits of the address the question of a regular and established place of business. Absolutely. Your honor. And isn't that the problem below that was that the court was having with your your your complaints is that you are not providing evidence that the defendant had a regular and established place of business. But your honor, what happened below was we briefed the issue of waiver. And that again, this is we're in amid all of this uncertainty at this time. And after the district court said, I don't believe this defense has been waived. I believe TC Heartland created a new rule. He said, I want the plaintiff to plead venue as long as it can do so consistent with its rule. Eleven obligations. We conducted a an investigation and determined that we had authority and we had a fax and law in order to allege venue. But what I believe the main chief complaint from the appellees is that we didn't allege a specific address. Now, the reason we didn't allege a specific address, your honor, is because at this time, when we briefed this on the waiver issue, there was a declaration that came in on the reply stage. And we never had an opportunity to address that with any of evidence of our own. So we don't see that in Ray Cray applies directly to this issue because the matter was decided on the pleadings. And if you look at rule eight, there is no requirement to allege venue at all in the complaint, let alone allege venue specifically. So your case was was dismissed without prejudice, correct? That's correct. Why didn't you refile and allege the facts that the court said you failed to allege? Your honor, I believe that we if we if we would have done that, that would have been our second attempt to amend the complaint. And we at that point may have risked dismissal with prejudice. And so I believed it was too risky at that point to refile. Or the other alternative is you could have refiled and inserted all the facts and evidence as to the venue issue. Yes, your honor. But at this point, we have no clarity when we did amend the complaint about what exactly the regular and established place of business would be. We alleged venue generally, as we believe we were permitted to do under the rules and under the authority from other circuits. We cite that in our brief on page 16. This is how personal jurisdiction is handled in in this court and in all other circuits. It's how we cited cases from other circuits on motions to dismiss for improper venue. This is exactly how they handle the motions to dismiss under 12 B3 and other circuits. The plaintiff's allegations of venue are treated as true in the complaint unless and until until they are controverted by evidence. On the motion to dismiss, this is a dilatory defense that is waivable, and so it need not be pleaded at all in the complaint. And we are in an unusual situation where the district court asked us to plead venue so long as we could do so consistent with our rule 11 obligations, which we did. Now, one question I think you should ask is perhaps, which hasn't really been, there's been no statement or any evidence whatsoever from 3M to the to the effect that they don't have a regular and established place of business in the Western District of Washington. Now, but that's your burden, right? Of course, it's our burden to prove it, but that's the same in the personal jurisdiction context. It's your burden to prove personal jurisdiction, but at the pleading stage, all the facts that relate to personal jurisdiction are accepted as true unless and until evidence comes forward that would show applicability to the defense. Imagine someone asserting a motion to dismiss for personal jurisdiction and attacking the sufficiency of the pleading. That just wouldn't happen, and so what the district court and what 3M advocate is as a rule that is in conflict with that procedure that is very well known in challenging personal jurisdiction. The same procedure ought to apply to venue, and it does apply in the other circuits. We cite on page 16 of our brief. So. Your Honor, we ask that the case be remanded with instructions so that we can have an opportunity to discover more facts and to move forward with this case. Before you sit down, I mean, I think you should you should address the issue of sanctions. We have an open motion for sanctions before us, correct? You do, Your Honor, and that I don't understand where that comes from. This is an argument that we find support from in other circuits. We are dealing with a procedural issue that has not been dealt with before by this by this court. This is not a situation where we are advocating a position that is not doesn't find support in the law. On the contrary, this is a position that we believe is. It seems to me you're pretty close to that when you say that in Ray Cray does not apply to the issue here. I mean, it's just. I think that's incorrect. Well, Your Honor, in Ray Cray set forth what the merits of the defense are. It did not set forth how a district court ought to decide the motion. This is a procedural issue regarding who needs to go first to set forth their evidence. And and there is a very established procedure in the personal jurisdiction context where the plaintiff can allege facts in its complaint that are taken as true. When you file a motion to dismiss for a lack of personal jurisdiction under 12b-2, it's supported by evidence. It's not done in a facial attack like you would subject matter jurisdiction or or like you would 12b-6 motion that would attack the sufficiency of the details in the pleading under an Iqbal or Twombly. That sort of procedure ought to apply and it does apply in other circuits. So a decision to affirm here would would adopt a rule that's in conflict with the other circuits on how to decide a rule 12b-3 motion. That is the issue that we bring here and it's not an issue that's answered in Ray Cray. That question is not answered in Ray Cray, Your Honor. That is and I can see how we can disagree. I mean, I've been a member of this court for more than 15 years now and have volunteered and I've never had a motion like this ever filed. It comes out of nowhere, actually, in my view. So it's not I mean, I can see how you might disagree with with our position. But to call it sanctions is is really sort of something that I can't see any support for. Thank you, counsel. We'll save the remainder of your time for rebuttal if needed. Mr. Shah. Please proceed. May it please the court, Pratik Shah for Apolyse 3M and Northstar Chemical. West Tech asserts that 3M was required to prove a negative when it filed its motion to dismiss for improper venue. That is to produce affirmative evidence controverting the existence of any unspecified regular and established place of business in the district. That position suffers from two fatal flaws. First, it would turn this court's precedent on its head. In Ray ZTE holds squarely that upon a motion to dismiss under the special patent venue provision, a plaintiff, not the defendant, bears the burden of establishing venue. In Ray ZTE was decided by this court before they filed their opening brief on appeal. So for them to make the arguments about burden was fair game in the district court. But that unclarity was resolved before they filed their appeal in this court. West Tech cannot shift that burden, which this court is conclusively placed on plaintiff to 3M, particularly with a bear assertion of venue that lacks any supporting allegations under in Ray Cray that 3M could controvert. Second, beyond flouting precedent, West Tech's position ignores the telling posture of this case. TC Heartland was decided and after that case was decided, West Tech sought leave to amend its defective complaint for the express purpose of alleging facts supporting venue. And this is at JA 453. It tells the district court, we want to amend our complaint to allege facts supporting venue under 1400B. And it specifically says we want to amend our complaint, quote, to allege the following facts. And the following facts in critical part were three purported 3M business locations within the judicial district. But then 3M submitted a declaration expressly rebutting those allegations and showing that there are no 3M operations at those locations. Then West Tech switched tasks. Is my recollection correct that that declaration, it doesn't say we've never been there. It says, kind of hint that we're not there now. That's right. Nor were we there at the time the complaint was filed, which is the test, of course, for venue. And understanding that the venue burden is in years. Correct. But at that point, why shouldn't the court expect to say, well, we were there. They're correct. And we were in those locations, but we're not there now. We're here. We're not on that street anymore. You know, we're on this street. Why not say we're on this street? Sure, Your Honor. Well, as you said, first of all, it's not our burden. We can only controvert the facts that they brought up. They said we're at these locations. 3M conclusively rebutted we're not at these locations. They had an opportunity. That wasn't the end of the matter, right? The district court then granted them leave and issued the unusual warning. You can plead this if you can do it consistent with Rule 11 and come up with some location. Now, couldn't the court have asked you at that point and said, well, are you anywhere in the district? Yes, and I suspect the court didn't ask that because the burden is on the plaintiff. But that wasn't the end of the story. The plaintiff had an opportunity because the court granted leave. And so they could have said in their complaint 3M is somewhere in the district at these particular locations or the transfers of those locations somewhere else there. And then 3M could have come back and rebut that. So for them to say they didn't have an opportunity to respond, the court granted them leave to do an amended complaint. We then brought in a motion to dismiss and say, look, they said they were going to allege fact-supporting venue. There is not a single fact-supporting venue in the amended complaint. It was a bait and switch. They just said 3M has one or more regular and established businesses parroting the statute. At that point, we filed another motion to dismiss. So they had yet another opportunity to say, look, here's our investigation. Here's at least our facts. Give us an evidentiary hearing so that we can hash this out. They did none of that. You can look at their response to the motion to dismiss. It's in the JA in full. It starts at pages JA 552 to 559. They do not articulate a single factual basis. And to this day, and I can tell you right now, 3M has done its investigation. It does not have any regular and established place of business in the Western District of Washington. They have still not asserted a single fact. They have the burden. When you file a lawsuit in a particular district, you have to have a factual basis, a reasonable, good-faith factual basis. Even now before this court, they've had multiple opportunities, a leave to motion to amend, the amended complaint, the response to the motion to dismiss. In their opening brief, in their reply brief, at oral argument, we still have not heard a single fact to suggest that 3M has a business location. And 3M does not. 3M cannot prove a negative on that. And so we're here at a posture where 3M doesn't know what else to do here. The district court has given them ample opportunities. And if you sent this back, were they refiled, even under the out-of-circuit cases they cite, they still have to have a prima facie case, a venue. But they haven't articulated a single fact. And that is why 3M took the unusual move, and doesn't do this lightly, of filing a sanctioned motion. Not only was there In Re Cray, which the district court cited in its motion, which they don't even cite in their opening brief, which shows what are the requirements of a regular and established business, not a single fact that would get you close to that burden in their complaint. But In Re ZTE was decided before they filed their opening brief. That disagreed with the cases that they cited on page 16. He cites the out-of-circuit cases. What In Re ZTE says under the general venue statute, which are what those cases are about on page 16, it placed the burden on the defendant with respect to certain aspects of the venue. In Re ZTE specifically says, and it rejected the very arguments he's making here, that we're not going to treat it as an affirmative defense because the special nature of the special venue provision, the burden is on the plaintiff. Just a quote from In Re ZTE, expressly disagreeing with the general venue provision. The cases they rely on are out-of-circuit cases about the general venue provision that ZTE rejects. They make in their brief an argument it should be treated as an affirmative defense. In Re ZTE expressly rejects that precise argument. The plaintiff there made the precise argument. They rejected it 1014. It says we hold that as a matter of law upon motion by the defendant challenging venue in a patent case, the plaintiff bears the burden of establishing proper venue. That's at 1013. At 1014, they expressly reject that the analogy to affirmative defense as a personal jurisdiction, the very arguments he's making here. So 3M didn't bring this sanctions motion lightly. They have had to litigate this multiple times in the district court. The district court gave a rule 11 warning and said plead your facts that show venue. They haven't done it there. 3M had to litigate it in a second motion to dismiss. We've now had to file an appeal brief and have an argument on an issue that is foreclosed not by one federal circuit case, but by two federal circuit cases that they don't even acknowledge. And then the third point, Your Honor, which supports the sanctions motion here, is that, as you noted, this was a dismissal without prejudice. Instead of filing an appeal and burdening this court and 3M with going through this exercise yet again, they simply could have refiled either in the same district if they actually developed a factual basis, which we know they can't. 3M knows they can't because they don't have any presence, a regular established place of business in that district, or they could have filed somewhere like Minnesota, filed this exact same suit where 3M is actually based. Instead of doing any of those things or articulating what this untold factual basis is, they've instead brought an appeal which, again, is foreclosed by precedent and foreclosed by the multiple opportunities they've had to allege a single fact under any of the cases supporting venue and the fact that we had a dismissal without prejudice. So for all of those reasons, we didn't take it lightly, but that's why the sanctions motion was filed. On the merits, we don't believe this is even a close call under INRAE-CRE or INRAE-ZTE. And when you combine it, whether you look at this as a pleading case in which INRAE-ZTE controls because it places the burden expressly and squarely, rejects the very cases that they're citing on page 16 of their brief, rejects the affirmative defense analogy to personal jurisdiction that they've raised today, whether it's rejected as a pleading matter under INRAE-ZTE or under the history of this case where the district court, they sought leave telling the district court that they would allege facts, specific facts supporting venue and then didn't do it, or whether you view it as a merits determination, which the district court ultimately did on venue at JA-3 after citing INRAE-CRE, it says, quote, there is no factual basis upon which the court can conclude that 3M has a regular established place of business in this district. Venue is improper here. So whether you view this as pleading or an actual determination on venue, it is foreclosed by this court's precedent. If there are no further questions, I'm happy to rest with. Thank you, counsel. Mr. Walters has a little rebuttal time. Let me first address this issue of sanctions. Now, this is an end run around the safe harbor provisions of Rule 11. Had they made this statement, which they're making literally for the first time, that they don't actually have a place of business in the Western District of Washington, we would have at that time put forward our evidence. They could have sent me a letter and said, hey, Mr. Walters, your allegation that we have a regular and established place of business has no factual support, and we would have done that. The district court asked us to allege consistent with our Rule 11 obligations, and we did that investigation, and we have the information. And here's the problem. They filed a motion without any evidence, and we oppose that. And then they get a reply where they submit evidence. And this happened when we briefed the waiver issue, and we moved to strike that evidence because it came for the first time in reply. So with the law as it was moving around at this point in time, if we would have alleged a particular address in our opposition brief to their motion, or even if we put it into the complaint, with this moving around law, they would have said, oh, well, you know, this doesn't count for this reason. Here's a declaration. If you notice, Judge Reyna, that declaration was very carefully worded. He did not say categorically in that declaration we don't have a regular and established place of business in the Western District of Washington because he could not. This is literally the first time this is being said. They had an opportunity to send me a letter under the procedures and safe harbor provisions of Rule 11 and say, Mr. Walters, your allegation that we have a regular and established place of business in the Western District of Washington is unfounded. It doesn't have any legal or factual basis under Rule 11. You need to withdraw your complaint within 21 days or suffer the motion. But I knew they couldn't do that because of what we had found. So we have an issue here with how you decide a motion to dismiss for improper venue. We do not have an issue about who has the burden of proof. We understand we have the burden of proof. Now, in personal jurisdiction, that is absolutely. What is it that you found? What are you referring to? We did an investigation. We have a picture of a 3M location in the Western District of Washington. That was what we found. And if I were challenged under Rule 11, I would have provided that at the appropriate time. But we don't know about that location. Inter-recreation was decided later after we found that location. Did the court warn you about Rule 11? Correct, Your Honor. That's why we went out and looked for other locations. And we noticed that very carefully worded declaration. Why didn't you follow it at that time? Why didn't you take measures to get it before the court? Because, again, Your Honor, if I filed another complaint, there's case law saying if you file a second complaint after it's dismissed without prejudice, then you risk a with prejudice dismissal. I couldn't risk that, Your Honor. A with prejudice dismissal we can't take to another jurisdiction. This was our chosen forum that where we wanted to litigate, we felt that the procedure wasn't correct on how this motion was decided. If I refile another complaint again, and I suffer a with prejudice risk. So my only choice, my only opportunity to have this venue was to appeal. If you refiled again, what would you do different, if anything? Well, now that we have N. Ray Cray, I would probably allege the facts that were with N. Ray Cray with respect to the location that we found. But, again, Your Honor, we don't have discovery, or I would ask for some discovery. If they come back and say, oh, well, you know, actually applying N. Ray Cray, it doesn't actually do this. You know, we have the sign up on it, but it's not really our location. And so I would say, well, hey, I'd like to do some discovery at this point now. And so we can figure out if it actually is going to qualify under N. Ray Cray. Thank you, counsel. Okay. I think we have your argument. We'll take the case under advisement.